```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

SOLAR TOURS, INC.,

                Plaintiff,

-against-

LUIS MACIAS d/b/a Tournet Systems,

                Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9/29/2025  
```

05 Civ. 5597 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      On October 15, 2024, Defendant *pro se*, Luis Macias, moved for an order reopening this case and enforcing a May 2006 settlement agreement (the "Motion"). *See* ECF No. 22 at 1.

      This case was discontinued on May 12, 2006, with prejudice, pursuant to a purported settlement agreement entered into between the parties which was not filed on the public docket. *See* ECF No. 21. In its order of discontinuance, the Court provided that, "on or before June 12, 2006, the plaintiff may apply to [the Court] . . . for restoration of the action to the calendar if the settlement is not effected, in which event the action will be restored to the calendar of the District Judge." *See id.* at 1. No party moved for restoration of the action before June 12, 2006, and no party had made any filing in this case until Macias filed the Motion.

      The Court does not have jurisdiction to entertain Macias's motion. In *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378 (1994), the Supreme Court held that when a federal court dismisses a case with prejudice on the assumption that the parties have entered into a settlement agreement concerning all claims, the federal court does not retain ancillary jurisdiction to enforce the terms of the agreement unless the court incorporates the terms of the settlement agreement into a court order or states, in the order of dismissal, that it retains jurisdiction over the settlement agreement, *see* 511 U.S. at 380–81. Neither of these exists here: The Court's order of discontinuance does not incorporate the terms of the settlement agreement, and it contains no language concerning the retention of jurisdiction to enforce the agreement. *See generally* ECF No. 21; *see also Scelsa v. City Univ. of N.Y.*, 76 F.3d 37, 40 (2d Cir. 1996) ("In the absence of . . . an independent basis for jurisdiction, a federal court has jurisdiction to enforce a settlement agreement only if the dismissal order specifically reserves such authority or the order incorporates the terms of the settlement. Absent some action making a settlement agreement part of a dismissal order or some other, independent basis for jurisdiction, enforcement of a settlement agreement is for the state courts." (citation omitted)). The Motion is, therefore, DENIED.

      Of course, Macias remains free to bring a lawsuit alleging breach of contract against Plaintiff, Solar Tours, Inc. ("Solar Tours"), in an appropriate forum. *Cf. Kokkonen*, 511 U.S. at 382 ("[E]nforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction."); *Ralph Lauren Corp. v. CSR Group, Inc.*, No. 16 Civ. 3387, 2017 WL 1861779, at *1–3 (S.D.N.Y. Apr. 27, 2017) (stating that even when

diversity jurisdiction may have provided a basis to enforce a settlement agreement, plaintiff was required to file a new action).

After Macias filed the Motion, the parties submitted various requests. Some of those letters concern motion practice relating to the motion to reopen and enforce, *see, e.g.*, ECF No. 31 (Solar Tours' motion for leave to file sur-reply); ECF No. 33 (Macias's motion).[1] Because these requests seek various forms of relief related to the Motion, the Court DENIES them as moot. *See* ECF Nos. 31, 33.

Lastly, while decision on Macias's motion to reopen and enforce was pending, Macias filed a motion for sanctions and punitive damages against Solar Tours. ECF No. 36. Solar Tours then cross-moved for sanctions. ECF No. 40. Setting aside the significant question of whether this Court has jurisdiction to hear Macias's sanctions motion, the Court declines to impose sanctions in its discretion, *see Perez v. Posse Comitatus*, 373 F. 3d 321, 325 (2d Cir. 2004). The Court also concludes that neither party has introduced evidence sufficient to meet the "high bar" required for establishing a violation of Federal Rule of Civil Procedure 11(b), *see Now-Casting Econ., Ltd. v. Econ. Alchemy LLC*, 628 F. Supp. 3d 501, 521 (S.D.N.Y. 2022). Accordingly, the motions filed at ECF Nos. 36 and 40 are DENIED.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 22, 31, 33, 36, and 40.

SO ORDERED.

Dated: September 29, 2025
   New York, New York

ANALISA TORRES
United States District Judge

---

[1] A series of filings by Macias appears to construe a declaration filed at ECF No. 28 as a motion by Solar Tours to "strike" Macias's declaration, *see* ECF Nos. 32–34. Solar Tours's filings, however, do not include a request to strike Macias's declaration.